UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. JOHNSON                                    CIVIL ACTION

VERSUS                                                NO. 17-5792

DOUBLE NRJ TRUCKING, INC., ET AL.                     SECTION A(2)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 10)** filed by NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup; **Motion to Dismiss Counterclaim (Rec. Doc. 6)** filed by Michael G. Johnson. Both motions are opposed. The motions, noticed for submission on August 9, 2017, are before the Court on the briefs without oral argument.

According to Michael Johnson, in April 2015 he entered into an agreement with Double NRJ Trucking to purchase a 2006 Peterbuilt commercial truck. Johnson contends that his understanding of the contract was that he was purchasing the truck for a price of $70,000, for which he was to make 92 weekly payments of $1,056.00. Johnson concedes, however, that in May 2015 he signed a document stating that he was to make 192 payments, as opposed to 92 payments. That document, which is in authentic form, was between defendants Ramesh Ramsarup and Hemwatie Ramsarup (apparently in their personal capacities)[1] and Johnson. (Rec. Doc. 10-3 Exhibit B).

---

[1] According to Defendants, Ramsarup executed the document on behalf of Double NRJ Trucking. The document makes no reference whatsoever to this entity.

Johnson made 92 payments and then sought to have Defendants transfer the title but they refused. Defendants then immediately cancelled the registration and insurance on the truck and it continues to sit idle. Johnson characterizes the transaction with Defendants as a conditional sales contract, which is invalid under Louisiana law.

According to Defendants, Johnson made 105 weekly payments from April 2015 through April 27, 2017. When Johnson stopped making payments, counsel sent a notice of termination to Johnson and demanded return of the truck. Defendants characterize the transaction as a finance lease.

This matter does not come to the Court on a blank canvas because when Johnson refused to return the truck Double NRJ filed a summary proceeding in state court against Johnson. (Rec. Doc. 10-3 Exhibit A, Petition for Cancellation of Lease and for Return of Vehicle). Johnson objected to proceeding in summary fashion, but the trial court overruled his exception and the matter went to trial on May 25, 2017, the same day that the exception was denied. The state judge denied the petition from the bench after explaining that genuine issues of material fact existed regarding the terms of the contract. (Rec. Doc. 10-4 Exhibit B trial transcript at 48). On June 20, 2017, the judge entered a judgment denying the petition with prejudice. (Rec. Doc. 10-11 Exhibit I). In her Reasons for Judgment filed on August 16, 2017 and provided to this Court as a supplement to the record, the trial court stated as follows:

> After reviewing the evidence presented and observing the testimony of the parties, **and particularly the testimony and demeanor of Mr. Ramsarup**, the Court believes that it is substantially likely that Mr. Ramsarup entered into this "lease to own" agreement **with the intent to defraud Mr. Johnson**.

(Rec. Doc. 18 Reasons for Judgment at 1) (emphasis added).

The Court also stated:

> The Court believes it likely that Mr. Ramsarup prepared the written instruments reflecting the "192" weekly payments **with the intent of extorting additional monies from Mr. Johnson**. Alternatively, even if there was no intent to defraud, the inclusion of the "192" week term was an error which Mr. Ramsarup acknowledged and agreed to modify.

(*Id.* at 3) (emphasis added).

Defendants moved for a new trial or alternatively to amend the judgment. (Rec. Doc. 10-12 Exhibit J). The Court presumes that this motion, filed in the state court proceedings, has not yet been ruled on.

The case before this Court is a separate lawsuit that Johnson filed against Double NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup.(Rec. Doc. 1-1 Petition for Declaratory Judgment and/or Damages). Defendants, who appear to be diverse in citizenship from Johnson, removed the suit to this Court. Defendants then did two remarkable things.

First, Defendants filed a counterclaim against Johnson that seeks the identical relief that they were unable to obtain from the state court following the summary trial that they demanded earlier this year. Again, the case that they tried and lost remains pending in state court awaiting a decision on Defendants' motion for new trial or alternatively to amend judgment.

Second, and perhaps even more daring, Defendants have moved this Court for summary judgment contending that the state court record *from the case that remains pending in state court* demonstrates that they are entitled to judgment as a matter of law. Defendants' motion is essentially an appeal from the adverse state court ruling because this Court would have to reject every finding made by the state court judge in order to grant Defendants any relief on their counterclaim.

Even if this Court were to allow Defendants to retry the case from state court, Defendants' contentions are completely without merit. The testimony of Ramsarup and Johnson was completely at odds as to the intent of the parties, and Defendants either misunderstand or ignore state law when they assume that a document in authentic form is unassailable. The motion for summary judgment is DENIED because it is wholly without merit.

Lack of merit aside, the Court is more troubled by Defendants blatant attempt to receive a second bite at the apple so to speak in this Court. Having been unable to obtain relief in the summary proceeding that they instituted in state court, Defendants removed Johnson's case to this Court and then counterclaimed seeking the very same relief that they were once already denied following a trial in state court. In fact, Defendants' state court petition and counterclaim pleading in this Court track each other verbatim with the exception that Defendants are now claiming damages, something they presumably could not do in the summary proceeding. (Rec. Doc. 5 at 9 ¶ 15).

Johnson's motion to dismiss the counterclaim is grounded on res judicata, a doctrine that would apply without doubt in Johnson's favor except that Defendants have maneuvered to avoid it by filing a motion for new trial in state court. This Court in its discretion will stay the counterclaim pursuant to the abstention doctrine recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because the counterclaim and the petition for cancellation are parallel proceedings involving the same parties and issues, and because no issues of federal law are present in this case. Defendants invoked the jurisdiction of the state court and proceeded to trial in the procedural manner of their choice but they lost. They then fractured the litigation

across two sovereigns by removing Johnson's case to this Court. Defendants have avoided a res judicata problem in this Court by moving for post-judgment relief in state court, and presumably they will appeal any adverse final decision to the Louisiana appellate court. This Court has no authority to exercise appellate jurisdiction over issues decided by a state court. The counterclaim will therefore remain stayed pending a final judgment in state court at which time the Court will reconsider Johnson's res judicata arguments. If Defendants obtain relief on appeal then the Court will lift the stay as to their counterclaim and they can pursue their claim for damages in this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 10)** filed by NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Counterclaim (Rec. Doc. 6)** filed by Michael G. Johnson is **DENIED**. Defendants' counterclaim will remain stayed, however, pending the final outcome of the proceedings in state court.

September 7, 2017

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE