UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. JOHNSON                                   CIVIL ACTION

VERSUS                                               NO. 17-5792

DOUBLE NRJ TRUCKING, INC., ET AL.                    SECTION A(2)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 37)** filed by Defendants, NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup. Plaintiff, Michael G. Johnson, opposes the motion. The motion, noticed for submission on June 26, 2019, is before the Court on the briefs without oral argument.

The factual background from this Court's prior ruling is as follows:

According to Michael Johnson, in April 2015 he entered into an agreement with Double NRJ Trucking to purchase a 2006 Peterbuilt commercial truck. Johnson contends that his understanding of the contract was that he was purchasing the truck for a price of $70,000, for which he was to make 92 weekly payments of $1,056.00. Johnson concedes, however, that in May 2015 he signed a document stating that he was to make 192 payments, as opposed to 92 payments. That document, which is in authentic form, was between defendants Ramesh Ramsarup and Hemwatie Ramsarup (apparently in their personal capacities) and Johnson. (Rec. Doc. 10-3 Exhibit B).

Johnson made 92 payments and then sought to have Defendants transfer the title but they refused. Defendants then immediately cancelled the registration and insurance on the truck and it continues to sit idle.

> Johnson characterizes the transaction with Defendants as a conditional sales contract, which is invalid under Louisiana law.
>
> According to Defendants, Johnson made 105 weekly payments from April 2015 through April 27, 2017. When Johnson stopped making payments, counsel sent a notice of termination to Johnson and demanded return of the truck. Defendants characterize the transaction as a finance lease.

(Rec. Doc. 19, Order and Reasons entered 9/7/17).

In the same Order and Reasons quoted above, this Court stayed the counterclaim filed by NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup (collectively "Defendants") against Michael G. Johnson. The Court stayed the counterclaim pending finality of parallel proceedings in state court. Shortly after this Court issued its ruling, the state trial judge denied Defendants' motion for new trial. On May 16, 2018, the state Fifth Circuit Court of Appeal affirmed on different grounds in favor of Michael Johnson. (Rec. Doc. 20-2). In a subsequent Order and Reasons the Court held that res judicata barred Defendants' counterclaim against Johnson and dismissed the same.[1] (Rec. Doc. 22).

Johnson's claim for damages (based on various legal theories) is scheduled to be tried to a jury on August 26, 2019.

Defendants now move for judgment as a matter of law on Johnson's claim for damages due to lost profits. Defendants argue that Johnson cannot meet his burden of

---

[1] As the Court has previously pointed out, this case did not come to the Court on a clean slate. Defendants had filed suit against Johnson in state court and lost at the trial level. Defendants then removed Johnson's suit against them and attempted to relitigate in federal court the issues that were decided adversely to them in state court. The state judgment was later affirmed on appeal. This Court concluded that res judicata prevented Defendants from relitigating their claims in this forum. (Rec. Doc. 22, Order and Reasons entered 6/14/18).

proof because he has not retained an expert to both quantify his damages and relate them to any acts committed by Defendants.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court is not persuaded that Plaintiff's failure to retain an expert on the issue of lost profits entitles Defendants to judgment as a matter of law on the claim. Plaintiff's claim for lost profit damages is not complex. So long as Plaintiff is not attempting to recover for future lost profits (which would require a net present value calculation) or to apply an interest factor to the claim for past lost profits, his calculations for lost profits

(which are based on simple addition and subtraction) can be presented to the jury via his own testimony. The defense can address on cross examination questions such as whether the quantum claimed for lost profits is actually attributable to some other factor, such as a downturn in business, not connected to Defendants' conduct. It will be the jury's role to determine whether Plaintiff's evidence proves his claim by a preponderance of the evidence. The Court is not persuaded that the absence of expert testimony in and of itself entitles Defendants to summary judgment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 37)** filed by Defendants NRJ Trucking, Inc., Ramesh Ramsarup, and Hemwatie Ramsarup is **DENIED**.

**IT IS ORDERED** that counsel for the parties shall immediately contact the assigned magistrate judge for the purpose of scheduling a follow-up settlement conference, said conference to take place no later than **August 2, 2019**.

July 22nd, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE